8/18/22 2:07 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

IN RE:

| | | |
|---|---|---|
| EDWARD D. LUBON | : | Case No. 22-20241-TPA |
| *Debtor* | : | |
| | : | |
| EDWARD D. LUBON | : | Related to Doc No. 26 |
| *Movant* | : | |
| | : | |
| v. | : | |
| | : | |
| NO RESPONDENT | : | |
| *Respondent* | : | |

**ORDER CONVERTING CASE FROM CHAPTER 13 TO CHAPTER 7
AND TERMINATING WAGE ATTACHMENT**

The Debtor has filed a notice of conversion in accordance with *11 U.S.C. §1307(a)* converting this case to a case under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code).

***AND NOW***, this **18th** day of ***August, 2022***, it is hereby **ORDERED, ADJUDGED and DECREED** that:

(1) This case is **CONVERTED** to a case under Chapter 7. **On or before September 1, 2022,** any party-in-interest that challenges the good faith of the conversion shall file a motion setting forth the basis of the challenge and specifically identifying the relief requested in the event conversion is found not to have been made in good faith.

(2) The wage attachment(s) issued in this case are immediately **TERMINATED**. The Debtor shall serve a copy of this order on the employer(s).

(3) ***Within 14 days*** of the date of this Order, the Debtor shall file a schedule of all unpaid debts incurred after the commencement of the Chapter 13 case and before conversion. *Bankruptcy Rule 1019(5)(B)(i).*

(4) ***Within 14 days*** of the date of this Order, the Debtor shall file the statements and schedules required by *Bankruptcy Rules 1019(1)(A) & 1007(b)*, if such documents have not already been filed.

1

(5)  **Within 30 days** of the date of this Order, the Debtor shall file a statement of intention with respect to retention or surrender of property securing consumer debts, as required by *11 U.S.C. §521(a)(2), Bankruptcy Rule 1019(1)(B)* and conforming to *Official Form 8*.

(6)  The Chapter 13 Trustee **FORTHWITH** shall turn over to the Chapter 7 Trustee all records and property of the estate remaining in the Chapter 13 Trustee's custody and control, as required by *Bankruptcy Rule 1019(4)*, except to the extent that the Trustee shall dispose of remaining funds as required by *W.PA. LBR 3021-1(f)*.

(7)  **Within 60 days** of the date of this Order, the Chapter 13 Trustee shall file an accounting of all receipts and distributions made. Jurisdiction over the Chapter 13 Trustee's certification of disbursements of funds and final report and account remains assigned to the Honorable Thomas P. Agresti, Bankruptcy Judge.

(8)  **Within 30 days** of the date of this Order, the Debtor shall, if the case is converted after the confirmation of a plan, file:

  (a)  A schedule of all property not listed in the final report and account of the Chapter 13 Trustee which was acquired after the commencement of the Chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(i)*;

  (b)  A schedule of unpaid debts not listed in the Chapter 13 Trustee's final report and account, *Bankruptcy Rule 1019(5)(C)(ii)*; and

  (c)  A schedule of executory contracts entered into or assumed after the commencement of the Chapter 13 case but before the entry of this conversion order, *Bankruptcy Rule 1019(5)(C)(iii)*, and

  (d)  The schedule of claimants under (b) of this paragraph shall be filed in matrix format. The Clerk shall reject for filing any list of claimants which is not filed in matrix format.

It is **FURTHER ORDERED** that the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*. If the reports and schedules per Paragraphs 3, 8(b) and 8(c) of this Order are filed in time for the Clerk to include post-petition creditors in the §341 notice mailing, the Clerk shall so include the post-petition creditors in that mailing. If said report and schedules are not filed in time for inclusion of the post-petition creditors in the §341 notice mailing, **within ten (10) days of the filing of said report and schedules**, the Clerk shall send the notice required by *Bankruptcy Rule 1019(6)*.

It is **FURTHER ORDERED** that **within forty-five (45) days** of this Order, all Chapter 13 fee petitions by any professional shall be self-scheduled and filed with the Clerk of the Bankruptcy Court. The fee petition shall be captioned "Chapter 13 Fee Petition in Converted Case" and shall designate the case number as "Bankruptcy No. TPA" and the hearing shall be self-scheduled on Judge Agresti's motions calendar.

It is **FURTHER ORDERED** that *within ten (10) days* hereof Counsel for Debtor shall **IMMEDIATELY SERVE** a copy of this Order on all creditors in the above case and shall *file a Certificate of Service* with the Clerk of the Bankruptcy Court.

The Court retains jurisdiction over the Chapter 13 Trustee's Report of Receipts and Disbursements and Final Report and Account. Upon submission of the UST Form 13-FR-S: Chapter 13 Trustee's Final Report and Account, the Chapter 13 Trustee is discharged from her duties in this case.

						_____
						Thomas P. Agresti, Judge      nms
						United States Bankruptcy Court

Case Administrator to serve:
Debtor(s)
Debtor(s) Counsel
Ronda J. Winnecour, Esq.
Office of the U.S. Trustee
Chapter 7 Trustee

United States Bankruptcy Court

Western District of Pennsylvania

| | |
|---|---|
| In re: | Case No. 22-20241-TPA |
| Edward D. Lubon | Chapter 7 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0315-2 | User: auto | Page 1 of 2 |
| Date Rcvd: Aug 18, 2022 | Form ID: pdf900 | Total Noticed: 1 |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Aug 20, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | Edward D. Lubon, 106 Westfiled Drive, Aliquippa, PA 15001-4843 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Aug 20, 2022               Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on August 18, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brian Nicholas | on behalf of Creditor Paramount Residential Mortgage Group Inc. bnicholas@kmllawgroup.com |
| Bryan P. Keenan | on behalf of Debtor Edward D. Lubon keenan662@gmail.com melindap662@gmail.com;keenan.bryanp.r106644@notify.bestcase.com;ciennal662@gmail.com |
| Eric E. Bononi | bankruptcy@bononilaw.com pa69@ecfcbis.com |
| Jeffrey Hunt | on behalf of Creditor Peoples Natural Gas Company LLC ecfpeoples@grblaw.com PNGbankruptcy@peoples-gas.com |
| Keri P. Ebeck | on behalf of Creditor Duquesne Light Company kebeck@bernsteinlaw.com jbluemle@bernsteinlaw.com |
| Office of the United States Trustee | ustpregion03.pi.ecf@usdoj.gov |
| Ronda J. Winnecour | cmecf@chapter13trusteewdpa.com |

District/off: 0315-2     User: auto     Page 2 of 2
Date Rcvd: Aug 18, 2022     Form ID: pdf900     Total Noticed: 1
TOTAL: 7